**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------
**JOHN MCKEVITT,**

                **Plaintiff,**           **09 Civ. 3744 (JGK)**

        - against -              **OPINION AND ORDER**

**DIRECTOR ROBERT MUELLER III, ET AL.,**

                **Defendants.**
--------------------------------------

**JOHN G. KOELTL, District Judge:**

John McKevitt ("the plaintiff" or "McKevitt"), currently imprisoned in the Republic of Ireland for terrorism-related offenses, is a defendant in a civil case in Northern Ireland brought by the families and relatives of victims of a car bombing in Omagh, Northern Ireland on August 15, 1998. The bombing caused the deaths of twenty-nine people and injured many others. The civil suit alleges that McKevitt was responsible for the bombing both personally and as a leader of the Real Irish Republican Army ("Real IRA").

The plaintiff here seeks to obtain documents from the Federal Bureau of Investigations ("FBI") pertaining to an alleged cooperator who testified against the plaintiff at his criminal trial. The plaintiff, as a defendant in the civil case in Northern Ireland, sought to obtain documents by having the court in Northern Ireland request the documents under the Hague Convention on the Taking of Evidence Abroad in Civil or

Commercial Matters ("Hague Evidence Convention").  After the FBI failed to produce the requested documents, the plaintiff brought this suit against the United States Department of Justice, the FBI, and assorted government personnel in their official capacity (collectively, "the defendants") under the Freedom of Information Act ("FOIA"), the Hague Evidence Convention, 28 U.S.C. § 2201 (the declaratory judgment act), and 28 U.S.C. § 1361 (writ of mandamus).

The defendants move to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Procedure 12(b)(1) & (6).

I.

When presented with motions under both Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of subject matter jurisdiction and Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted, the Court must first analyze the Rule 12(b)(1) motion to determine whether the Court has the subject matter jurisdiction necessary to consider the merits of the action.  See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 2000); Abrahams v. App. Div. of the Sup. Ct., 473 F. Supp. 2d 550, 554 (S.D.N.Y. 2007),

2

aff'd on other grounds, 311 F. App'x 474 (2d Cir. 2009); see also S.E.C. v. Rorech, No. 09 Civ. 4329, 2009 WL 4729921, at *1 (S.D.N.Y. Dec. 10, 2009).

In defending a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  In considering such a motion, the Court generally must accept the material factual allegations in the complaint as true.  See J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004).  The Court does not, however, draw all reasonable inferences in the plaintiff's favor.  Id.; Graubart v. Jazz Images, Inc., No. 02 Civ. 4645, 2006 WL 1140724, at *2 (S.D.N.Y. Apr. 27, 2006).  Indeed, where jurisdictional facts are disputed, the Court has the power and the obligation to consider matters outside the pleadings, such as affidavits, documents, and testimony, to determine whether jurisdiction exists.  See APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003); Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 932 (2d Cir. 1998); Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986).  In so doing, the Court is guided by that body of decisional law that has developed under Federal Rule of Civil Procedure 56. Kamen, 791 F.2d at 1011; see also Rorech, 2009 WL 4729921, at *1.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007); Arista Records LLC v. Lime Group LLC, 532 F. Supp. 2d 556, 566 (S.D.N.Y. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.; see also Rorech, 2009 WL 4729921, at *2.

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in

4

bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also Kavowras v. New York Times Co., 328 F.3d 50, 57 (2d Cir. 2003); Taylor v. Vermont Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002); Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991); Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991); Rorech, 2009 WL 4729921, at *2.

**II.**

The following facts are undisputed, unless otherwise noted.

The plaintiff, a citizen of the Republic of Ireland, was convicted of membership in an illegal organization and directing terrorism and is currently incarcerated in Laois, Ireland. (Compl. ¶ 18.)  David Rupert ("Rupert"), who has acknowledged cooperating with the FBI and the British intelligence agency, was a key witness against the plaintiff in the criminal trial. (Compl. ¶ 21.)

McKevitt is also a defendant in a civil case before the High Courts of Justice in Northern Ireland, brought by the families of the victims of a car bombing on August 15, 1998 in

5

Omagh, Northern Ireland. (Compl. ¶¶ 7, 19.) Twenty-nine people died in the attack and many more were injured. (Compl. ¶ 20.) The suit alleges that McKevitt is responsible for the attack both personally and as the leader of the Real IRA. (Compl. ¶¶ 19-20.) While the case in this Court was still pending, McKevitt lost the civil suit in Northern Ireland. See John F. Burns, $2.6 Million Awarded in Suit Over Northern Ireland Attack, N.Y. Times, June 8, 2009, at A4. At argument of the current motion, the plaintiff's counsel advised that an appeal is pending in that case.

Rupert was originally listed as a witness in the civil trial, but the FBI later notified the civil plaintiffs in Northern Ireland that he would not be available to testify. (Compl. ¶¶ 22-23.) The Irish plaintiffs were successful in having Rupert's statements and e-mails adduced as part of the plaintiffs' case, but Rupert was not available for cross-examination by McKevitt. (Compl. ¶ 23.) In response, McKevitt sought disclosure by Letter Rogatory of various documents relating to Rupert's work for any payment from the FBI and other intelligence agencies. (Compl. ¶¶ 24-26.)

The Department of Justice's ("DOJ") Office of International Judicial Assistance ("OIJA") received the Letter Rogatory request for international judicial assistance from the High Courts of Justice in Northern Ireland pursuant to the Hague

6

Evidence Convention on September 17, 2008 and a clarification to direct the request to the FBI on November 3, 2008.  (Compl. ¶ 12 & Ex. A.)  On March 5, 2009, Robert Hollis, the DOJ director of OIJA, declined to provide the requested information under the rationale of FOIA exemptions 1 and 7.  (Compl. ¶¶ 12, 14 & Ex. B.)  See also 5 U.S.C. § 552(b)(1) & (7) (FOIA exemptions for national security and law enforcement).

The plaintiff now brings this action to compel production of the documents pursuant to the Hague Evidence Convention, 28 U.S.C. §§ 1781-82, FOIA 5 U.S.C. § 552, and for declaratory judgment, injunctive relief, and writ of mandamus pursuant to 28 U.S.C. § 1361.  The Government moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim pursuant to Federal Rules of Procedure 12(b)(1) & (6).

### III.

#### A.

The plaintiff's major alleged basis for federal jurisdiction is the FOIA.  Under the FOIA, an agency must make records available, unless an exemption applies, when there is a "request for records . . . made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed."  5 U.S.C. § 552(a)(3)(A).  After a request is

7

received, an agency has twenty days, excepting weekends and legal public holidays, to determine whether it will comply with the request and immediately notify the requester of its determination and the right to appeal an adverse determination. See 5 U.S.C. § 552(a)(6)(A)(i).  This Court has jurisdiction to compel production when records are "improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).  A plaintiff has standing to bring such a complaint in this Court when "a person makes a request for information under the FOIA and the petitioned agency denies that request."  McDonnell v. United States, 4 F.3d 1227, 1238 (3d Cir. 1993) (citing United States v. Richardson, 418 U.S. 166, 171 (1974)).

The Government argues that the plaintiff was never a "requester" under the FOIA, and in any event did not exhaust his remedies under the FOIA because there could have been an appeal within the DOJ.  The plaintiff responds that he was never advised of his right to appeal, and moreover the time to respond had passed and the DOJ did not timely respond.  The DOJ counters that the plaintiff's argument is moot because the DOJ did respond before the lawsuit was brought and that was sufficient.

The defendants are correct that there is no jurisdiction under the FOIA.  The FOIA provides a cause of action only to a requester who has filed a FOIA request that has been denied. See MAXXAM, Inc. v. Fed. Deposit Ins. Corp., No. 98 Civ. 989,

8

1999 WL 33912624, at *2 n.2 (D.D.C. Jan. 29, 1999); see also McDonnell, 4 F.3d at 1237 ("a person . . . whose name does not appear on a FOIA request for records may not sue in district court when the agency refuses to release requested documents because he has not administratively asserted a right to receive them in the first place"); Feinman v. Fed. Bureau of Investigations, No. 09 Civ. 2047, 2010 WL 276176, at *6 (D.D.C. Jan. 26, 2010) (FOIA requester's assignee lacked standing to sue). This case does not arise under the FOIA, and thus there is no jurisdiction under the FOIA, because the FOIA administrative process was never used. The plaintiff never filed a FOIA request under the DOJ's procedures for such requests under 28 C.F.R. § 16.3. The plaintiff did not make a FOIA request, have it denied, and then appeal in the DOJ. Rather, he sought evidence under the Hague Evidence Convention. The Government declined to produce documents under the rationale of FOIA exemptions, but the Government's response was not a response to a FOIA request because no such FOIA request was ever made. The court in Northern Ireland was not a requester under the FOIA, and even if it were, that did not give the plaintiff the right to pursue the request. The Letter Rogatory in this case was submitted by the court in Northern Ireland, not the plaintiff.

Moreover, the plaintiff's argument that the DOJ failed to respond timely is unavailing. The plaintiff did not file a FOIA request, and therefore the FOIA's time for response provision was never triggered. See 5 U.S.C. § 552(a)(6)(A)(i).

The defendants also argue that the plaintiff is barred from suing at this time because the plaintiff has failed to exhaust his administrative remedies. Exhaustion of administrative remedies is normally required as a precondition to suit under the FOIA, unless waived by a party or the Court. See NAACP Legal Def. & Educ. Fund, Inc. v. U.S. Dep't of Hous. & Urban Dev., No. 07 Civ. 3378, 2007 WL 4233008, at *3 (S.D.N.Y. Nov. 30, 2007). Here, the defendants have not waived exhaustion of the plaintiff's administrative remedies. Moreover, "failure to comply with an agency's FOIA regulations when making a FOIA request is the equivalent of failure to exhaust." Id. (quotation marks omitted). The plaintiff in this case failed to comply with the DOJ's FOIA regulations because the plaintiff failed to file a request as required by those regulations. The defendants are plainly correct that even if the plaintiff had standing, there has not yet been administrative exhaustion and the plaintiff cannot sue at this time.

The plaintiff should be able to make a formal FOIA request on his own and appeal the denial, if it is indeed denied, and then the Court would have an administrative record to review.

10

See Doherty v. U.S. Dep't of Justice, 596 F. Supp. 423, 428 (S.D.N.Y. 1984) (Irish foreign alien accused of terrorist acts had standing to sue under the FOIA).  At argument of the current motion, the plaintiff's counsel had no explanation for why he could not make a FOIA request at this time.

**B.**

The plaintiff does not assert that there is jurisdiction under the Hague Evidence Convention, and indeed that is a Government to Government issue.  See Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. Of Iowa, 482 U.S. 522, 533 (1987) (Hague Evidence Convention is "an international treaty . . . in the nature of a contract between nations" (quotation marks omitted)); see also Mora v. New York, 524 F.3d 183, 200 (2d Cir. 2008), cert. denied, 129 S. Ct. 397 (2008) ("international treaties establish rights and obligations between States-parties-and generally not between states and individuals, notwithstanding the fact that individuals may benefit because of a treaty's existence").

**C.**

11

The plaintiff also asserts a claim for mandamus relief. This Court may issue a writ of mandamus "only if the plaintiff proves that (1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available." Benzman v. Whitman, 523 F.3d 119, 132-33 (2d Cir. 2008). The plaintiff argues that there is jurisdiction under the mandamus statute, but there is no requirement to produce the documents that would be a clear duty. The plaintiff relies on § 1782 as the statute providing a clear duty, but that provides no clear duty. Rather it provides a mechanism for a person to come to the district court of the district where a witness resides to attempt to obtain the court's assistance and the Court "may" then order the production of documents for use in a foreign tribunal. See 28 U.S.C. § 1782. The issuance of discovery orders pursuant to § 1782 is a matter of discretion for this Court. See In re Application of OOO Promnefstroy for an Order to Conduct Discovery for Use in a Foreign Proceeding, No. 19 Misc. 99, 2009 WL 3335608, at *4 (S.D.N.Y. Oct. 15, 2009).[1]

---

[1] Section 1782 does not apply in this case for an additional reason. The Government is not a "person" under § 1782 and therefore cannot be compelled to provide documents for use in foreign litigation. See 28 U.S.C. § 1782(a); Al Fayed v. Cent. Intelligence Agency, 229 F.3d 272, 276-77 (D.C. Cir. 2000). The plaintiff argues that the Court of Appeals for the District of Columbia Circuit has overruled Al Fayed. See Yousuf v. Samantar, 451 F.3d 248, 257 (D.C. Cir. 2006) (government is person within meaning of Federal Rule of

**D.**

The defendants also argue that there is no subject matter jurisdiction because the Government has not waived sovereign immunity for the claims in this case. See Presidential Gardens Assocs. v. United States, 175 F.3d 132, 139 (2d Cir. 1999). The plaintiff argues that there is a waiver of sovereign immunity under § 702 of the Administrative Procedures Act ("APA"). 5 U.S.C. § 702. While the plaintiff is correct that there is a waiver of sovereign immunity in cases where review is available under the APA, see Sharkey v. Quarantillo, 541 F.3d 75, 91 (2d Cir. 2008), this is not such a case. APA review is not available when "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). There is no underlying statute in this case that creates a duty that is not subject to agency discretion. Neither the Hague Evidence Convention nor § 1782 are mandatory. See In re Application of OOO Promnefstroy, 2009 WL 3335608, at *4.

---

Civil Procedure 45). However, the court in Yousuf explicitly distinguished the use of the word "person" in Rule 45 from the use of the same word in § 1782. See id. at 254-55. The plaintiff cites to no case holding the Government is a "person" under § 1782.

13

## CONCLUSION

The complaint is therefore **dismissed without prejudice** for lack of subject matter jurisdiction. The Clerk is directed to enter Judgment and to close this case and Docket No. 5.

**SO ORDERED.**

Dated:   New York, New York
         February 12, 2010

_____
John G. Koeltl
United States District Judge